UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EDWARDO CORONADO, | Case No. 13-12934 |
| Plaintiff, | SENIOR UNITED STATES DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| COMMISSIONER OF SOCIAL SECURITY, | MAGISTRATE JUDGE CHARLES E. BINDER |
| Defendant. / | |

**ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION [18] AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12] AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [17]**

On August 29, 2014, the Magistrate Judge issued a Report and Recommendation ("R&R") [18] recommending that Defendant's Motion for Summary Judgment [17] be granted and that Plaintiff's Motion for Summary Judgment [12] be denied. Plaintiff filed an Objection [19] on September 12, 2014.

For the reasons stated below, the Court declines to adopt the R&R [18]. Plaintiff's Objection [19] is SUSTAINED and his Motion for Summary Judgment [12] is GRANTED. Defendant's Motion for Summary Judgment [17] is DENIED. The case is REMANDED for further fact findings.

**Factual Background**

The R&R contains a detailed explanation of the factual background of this case.

## Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo*. 28 U.S.C. § 636(b)(1)(c). Objections that are filed must be specific. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

In reviewing an Administrative Law Judge's ("ALJ") decisions, 42 U.S.C. § 405(g) provides that the ALJ's "factual findings are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)) (internal quotation marks omitted); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In order to determine "whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). So long as the conclusion is supported by substantial evidence, "this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*,

402 F.3d 591, 595 (6th Cir. 2005); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

## Analysis

Plaintiff states three objections to the R&R [18]. Because Plaintiff's first objection is sustained and requires further fact finding, the Court declines to address Plaintiff's next two objections on the basis of a faulty factual record.

Under the doctrine of *res judicata*, the Commissioner is bound by a prior final decision determining whether a claimant is entitled to benefits "absent changed circumstances." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). As noted in the R&R [18], ALJ Kraybill's determination is a prior final decision as to whether Plaintiff was disabled as of November 3, 2009. The issue before ALJ Guida was whether new evidence or changed circumstances allowed ALJ Guida to make a different determination than ALJ Kraybill for the unadjudicated period from November 4, 2009 until February 23, 2012. ALJ Guida explicitly stated "that the records do not include new and material evidence that suggest changed circumstances." (R. at 55). However, neither the evidence nor ALJ Guida's own actions support that conclusion.

Plaintiff first objection is regarding the role the doctrine of *res judiciata* plays in this case. Plaintiff argues that ALJ Guida's finding of no changed circumstances is inconsistent with his determination that Plaintiff's back pain merited additional

limitations. Plaintiff also argues that ALJ Guida should have considered Plaintiff's increased reliance on a cane when determining his residual functional capacity. Plaintiff's objection is sustained. Both of these developments constitute changed circumstances so that *res judicata* did not prevent ALJ Guida from making new findings about Plaintiff's residual functional capacity that differ from ALJ Kraybill's determinations.

For the foregoing reasons, the Court hereby declines to adopt the R&R [18]. Therefore,

**IT IS ORDERED** that Plaintiff's Objection [19] is **SUSTAINED** and Plaintiff's Motion for Summary Judgment [12] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [17] is **DENIED.**

**IT IS FURTHER ORDERED THAT** this case is **REMANDED** for further fact finding consistent with this opinion.

This case is **CLOSED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: September 23, 2014          Senior United States District Judge